IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH PASZTOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.________________ |
| | § | |
| STARWOOD HOTELS & RESORTS WORLDWIDE, LLC F/K/A STARWOOD HOTELS & RESORTS WORLDWIDE, INC. AND MARRIOTT INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**COMES NOW** Plaintiff, JOSEPH PASZTOR, and for his Complaint against Defendants, STARWOOD HOTELS & RESORTS WORLDWIDE, L.L.C. F/K/A STARWOOD HOTELS & RESORTS WORLDWIDE, INC. and MARRIOTT INTERNATIONAL, INC., alleges and states as follows:

**NATURE OF ACTION**

1. This is a civil action for damages arising from a brutal assault and an attack upon the life of Joseph Pasztor that occurred on February 14, 2017, while he was a registered guest at the W Mexico City Hotel (hereinafter referred to as "the hotel"). Based on reasonable information and belief the hotel is owned, operated, managed and/or maintained by Defendants. This cause of action arises out of, among other things, the negligence of Defendants in failing to provide adequate security, as will be detailed below.

**JURISDICTION, VENUE AND PARTIES**

2. Jurisdiction in this Court is founded upon diversity of citizenship under 28 U.S.C.A1332(a) and an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

3. At all relevant times JOSEPH PASZTOR was a resident and citizen of Houston, County of Harris, State of Texas, United States of America.

4. Defendant, STARWOOD HOTELS & RESORTS WORLDWIDE, L.L.C. F/K/A STARWOOD HOTELS & RESORTS WORLDWIDE, INC., ("Starwood") is a foreign corporation "doing business" in the State of Texas, as defined by §17.042 of the Texas Civil Practice and Remedies Code. Starwood is a Maryland corporation, with its headquarters located in Bethesda, Maryland, United States of America. Starwood is duly authorized to conduct business in the State of Texas, and does in fact, conduct business in the state and within the boundaries of the Southern District of Texas, including Harris County, Texas which constitutes continuous and systematic general business contact within the district. This is comprised of both running hotel operations in the district, as wells significant marketing activity of its hotel products. Accordingly, the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice. Starwood may be served with process by serving its registered agent for such: **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.**

5. Defendant, MARRIOTT INTERNATIONAL, INC., ("Marriott") is a foreign corporation "doing business" in the State of Texas, as defined by §17.042 of the Texas Civil Practice and Remedies Code. Marriott is a Delaware corporation, with its headquarters located in Bethesda, Maryland, United States of America. Marriott is duly authorized to conduct business in the State

of Texas, and does in fact, conduct business in the state and within the boundaries of the Southern District of Texas, including Harris County, Texas which constitutes continuous and systematic general business contact within the district. This is comprised of both running hotel operations in the district, as wells significant marketing activity of its hotel products. Accordingly, the exercise of personal jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice. Marriott may be served with process by serving its registered agent for such: **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.**

6. Plaintiff reserves the right to join other Defendants as the same are revealed, if at all, through the ongoing discovery process.

## FACTUAL BACKGROUND

7. On or about the day in question, Plaintiff believes he was drugged by a bar tender who was working at the lobby bar of the hotel. After being rendered unconscious due to the drugging, he was taken to an isolated area of the hotel where he was further assaulted by other hotel personal who attempted to extract his front teeth with plyers. It was during this horrific attack that Plaintiff began to regain consciousness and fight with his attackers. During this struggle a person believed to be a fellow hotel employee removed Plaintiff's pants and injected him with an unknown substance by hypodermic needle. It is assumed that the substance was some form of sedative to render him unconscious again, as he lost consciousness thereafter.

8. Upon regaining consciousness a second time, Plaintiff found himself in the lobby of the hotel sitting in a chair near the front desk. Upon examination, he realized that he was bloodied and severely injured. His four front teeth were nearly extracted from their sockets and hung by soft tissue only to his gums as the roots were pulled from the jaw. He had blood all over his face and

clothing and was in excruciating pain. He sought assistance from the nighttime front desk manager, but was told to go to his room because he was drunk. He tried to explain that he was not drunk but rather the victim of a brutal attack at the hands of the hotel's staff, but to no avail. He likewise asked for medical and U.S. Embassy assistance, but with every plea he was told to go to his room and that a dentist would be provided to him in the morning at no expense to him.

9. Fearing for his life, he remained in that chair in the lobby for most of the night. At morning light he took his personal effects from his room in the hotel and went to the airport whereby he took a fight home to Houston, Texas.

**CAUSE OF ACTION I - NEGLIGENCE**

10. All preceding paragraphs are incorporated herein by reference.

11. Defendants, Starwood and Marriott, owed Plaintiff, their guest and a business invitee on their premises, the duty of reasonable care for his safety and to maintain their premises in a reasonably safe condition for his use. Defendants breached said duties by way of illustration and not limitation:

a. Failure to have security on duty in the bar area of the hotel;

b. Failure to assign a qualified employee to monitor video surveillance;

c. Failure to place the video monitor in an accessible and visible place to ensure reasonable surveillance;

d. Failure to provide adequate safety surveillance of the area near the bar where the plaintiff was attacked;

e. Failure to respond timely to a guest in distress and disregarding their guest in distress, while he was viciously attacked.

12. Defendants by and through their agents and employees acting within the scope of their

employment owed Plaintiff the duty of reasonable care for his safety and the safety of the hotel premises. Defendants' manager breached his/her duties and was negligent in failing to assign a staff person whose primary responsibility was to monitor the video surveillance, failing to place the surveillance monitor in any location where it was reasonably likely to be monitored or even seen by the staff, failing to attend to a hotel guest in distress, and failing to attend prudently to video surveillance of the area where the Plaintiff was attacked. Defendants are vicariously liable for the negligence of their employees on duty at the hotel on February 14, 2017.

13. Defendants likewise owed Plaintiff a duty to warn against dangers of which it / they should have been aware, with said duty extending to reasonably foreseeable criminal acts against its guests. Defendants breached said duties by way of illustration and not limitation:

a. Failing to properly screen and investigate the background of its prospective employees/agents, prior to hiring them to work at hotel. Proper screening and investigation would have revealed that such had a propensity for assaultive and/or other criminal acts;

b. Failing to properly train and supervise its employees/agents, to ensure said employees /agents were providing proper services to Defendants' guests, and to ensure the safety of Defendants' hotel guests;

c. Failing to timely terminate its employees/agents when it was known or should have been known, that said persons were committing crimes against and/or were likely to commit crimes against, Defendants' hotel guests;

d. Acquiescing in the unlawful and assaultive actions of its employees/agents;

e. Enabling its employees / agents to commit and carry out their unlawful and assaultive behavior by providing said employees/agents exclusive access to a private room in which to carry out their assaults on the premises; and,

f. Failing to assist and come to the aid of Plaintiff after being advised that Plaintiff was subjected to a brutal attack at the hands of its employees/agents;

14. Each of these acts and omissions on the part of Defendants and their agents,

employees and representatives was a proximate cause of the vicious attack on Plaintiff and the loss and damages he sustained.

15. As a direct and proximate result of Defendants' actions and inactions, Plaintiffs suffered serious injuries and damages, including physical pain and suffering, emotional suffering and distress, and medical and other expenses, past, present, and future.

**CAUSE OF ACTION II - FALSE IMPRISONMENT**

16. All preceding paragraphs are incorporated herein by reference.

17. Defendants, through its employees, agents, and/or representatives detained and restrained Plaintiff against his will by drugging him and putting him into an isolated area of the hotel and physically restraining Plaintiff so as to prevent him from leaving and to prevent anyone from rescuing and assisting him.

18. Defendants intended to cause such a confinement.

19. The detention or restraint was unlawful.

20. Plaintiff was aware and conscious of the confinement, detention, or restraint.

21. As a direct result of Plaintiff's false imprisonment, Plaintiff felt embarrassment, disgrace, humiliation, and mental suffering and emotional distress. These damages are ongoing and are likely to continue in the future.

**CAUSE OF ACTION III - ASSAULT & BATTERY**

22. All preceding paragraphs are incorporated herein by reference.

23. Defendants by and through their agents and employees acting within the scope of their employment committed an assault and battery upon Plaintiff as that term is applied under Texas statutory and common law.

24. Defendants are vicariously liable for said Assault and Battery as these incidents were committed by agents and employees acting within the scope of their employment.

25. As a direct and proximate result of Defendants' actions, Plaintiff suffered serious injuries and damages, including physical pain and suffering, emotional suffering and distress, and medical and other expenses, past, present, and future.

**CAUSE OF ACTION IV - BREACH OF CONTRACT/IMPLIED WARRANTY**

26. All preceding paragraphs are incorporated herein by reference.

27. Plaintiff was an intended beneficiaries of a contract between himself and Defendants.

28. Defendants represented that the hotel was reasonably safe and that their hotel services were reasonably safe.

29. Defendants failed to perform said contract in a competent and workman like manner and failed to provide hotel accommodations and services which were reasonably safe, breaching said contract.

30. As a direct and proximate result of Defendants' actions, Plaintiff suffered serious injuries and damages, including physical pain and suffering, emotional suffering and distress, and medical and other expenses, past, present, and future. Plaintiff likewise incurred economic losses whereby he was denied the benefit of the bargain and all costs associated with his travel to the hotel, including all costs of the hotel.

**CAUSE OF ACTION V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

31. All preceding paragraphs are incorporated herein by reference.

32. Defendants, by and through their agents and employees acting within the scope of their employment, committed the tort of intentional infliction of emotional distress upon Plaintiff

as that term is applied under Texas statutory and common law.

33. Specifically, Defendants, by and through their agents and employees acting within the scope of their employment, acted intentionally or recklessly whereby Plaintiff was brutally attacked. This conduct was extreme and outrageous and the actions of Defendants caused the plaintiff severe emotional distress.

**DAMAGES**

34. All preceding paragraphs are incorporated herein by reference.

35. As a direct result of Defendants' actions and conduct set forth above, Plaintiff was severely injured in the collision and will seek all elements of actual damages recoverable by law. Because of the nature and severity of the injuries sustained, Plaintiff was damaged in the past and will, in reasonable probability, be damaged in the future and will, therefore, seek recovery for the following elements of damages:

a. Physical pain and mental anguish in the past and, in reasonable probability, will continue to suffer physical pain and mental anguish in the future;

b. Physical disfigurement in the past and, in reasonable probability, will continue to suffer disfigurement in the future;

c. Physical impairment in the past and, in reasonable probability, will continue to suffer physical impairment in the future;

d. Medical care and treatment in the past and in reasonable probability will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges

made necessary by the occurrence in question;

e. Diminished earning capacity and loss of earnings in the past and in reasonable probability will continue to experience a loss of earning capacity and loss of earnings in the future. To compensate for this loss, Plaintiff seeks recovery of loss of past and future earnings and earning capacity; and

f. Punitive or exemplary damages.

## DEMAND FOR JURY

36. Plaintiff hereby demands a jury trial on all issues presented herein.

## PRAYER FOR RELIEF

For these reasons, Plaintiff prays that upon trial hereof, said Plaintiff have and will recover actual or compensatory damages (past and future) as set forth above and/or to the fullest extent allowed by law and which the jury deems to be fair and reasonable; exemplary/punitive damages as described above in an amount the jury deems to be fair and reasonable; costs of court; pre-judgment interest; post-judgment interest at the highest lawful rate until the judgment is satisfied in full; and any further relief, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

*/s/ Jack Todd Ivey*

Jack Todd Ivey
Attorney-in-Charge
Texas Bar No. 00785985
Southern District I.D. No. 17458
11111 Katy Freeway, Suite 700
Houston, Texas 77079
713/225-0015 (Telephone)
713/225-5313 (Facsimile)
Email: contact@iveylawfirm.com

OF COUNSEL:

IVEY LAW FIRM, P.C.